951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darius Pahlavi HILLYER, Defendant-Appellant.
 No. 91-5064.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 The parties waived oral argument and after examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Darius Pahlavi Hillyer was charged with two counts of violating 18 U.S.C. § 922(g)(1988), which prohibits the possession of a firearm by a convicted felon. The first count was based on evidence resulting from a warrantless search on November 19, 1989, and the second count was based on evidence obtained by execution of a search warrant on August 21, 1990. Hillyer moved to suppress the evidence seized during both searches. The district court granted the motion with respect to the warrantless search underlying count one and denied the motion with respect to count two. Hillyer then entered into a Rule 11 conditional plea of guilty to count two, and now appeals the denial of the motion to suppress the evidence obtained on the basis of the search warrant.[1] We affirm.
 
 
 3
 When a warrant is challenged on the ground that the supporting affidavit contains improper statements, the warrant will not be held invalid if the affidavit, considered without the objectionable statements, establishes probable cause. See United States v. Ross, 920 F.2d 1530, 1533 (10th Cir.1990) (setting out standard for granting evidentiary hearing); United States v. Gillenwaters, 890 F.2d 679, 681-82 (4th Cir.1989); United States v. Johnston, 876 F.2d 589, 592 (7th Cir.), cert. denied, 493 U.S. 953 (1989). The affidavit here, viewed without the information obtained through the warrantless search, states that: Hillyer was a convicted felon, he had been previously arrested for possession of a loaded derringer, and while at his residence he had recently used a Beretta 0.9mm automatic pistol to fire a shot at his brother-in-law. This information is clearly sufficient to establish probable cause to search Hillyer's house for evidence of illegal possession of firearms.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The government does not appeal the suppression of the evidence resulting from the warrantless search underlying count one